# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

TAMAR TIMARIO BLAKE,

    Petitioner,

 v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,

    Respondents.

No. 3:26-cv-00844-BTM-SBC

**ORDER GRANTING AMENDED HABEAS PETITION**

Pending before the Court is Petitioner Tamar Timorio Blake's amended petition for a writ of habeas corpus.  For the reasons stated below, the petition is granted in part and denied in part.

**A.    Background**

Petitioner, a native of Jamacia, came to the United States in 2017 and became a lawful permanent resident in 2018.  In October 2024, Petitioner was convicted of robbery, in violation of California Penal Code § 211, and sentenced to two years in prison.  Immigration and Customs Enforcement agents detained Petitioner on January 28, 2025.  Petitioner was charged in a Notice to Appear with being removable for having committed an aggravated felony, that is, the California robbery conviction.

Petitioner requested a custody redetermination.  An immigration judge (IJ) denied the request, finding that Petitioner was convicted of an aggravated felony.  Petitioner did not file an appeal with the Board of Immigration Appeals (BIA).  On October 24, 2025, an IJ denied Petitioner's asylum, withholding of removal, and Convention Against Torture claims, and ordered Petitioner removed to Jamacia.  Petitioner appealed that decision to the BIA, and the appeal is still pending.

Petitioner is bisexual and seeks asylum because gay men are persecuted in Jamacia.  Petitioner plans to appeal to the Ninth Circuit if he loses his appeal before the BIA.  Petitioner claims that his continued detention without a bond hearing violates his constitutional right to due process.  Petitioner alleges that IJs are not neutral, and thus that he should be released or the Court should conduct the bond hearing or order additional safeguards.

The Government contends that Petitioner was required to appeal the IJ's custody redetermination denial and thus that the amended petition should be dismissed for failure to exhaust administrative remedies.  The Government also argues that Petitioner's due process claim fails on the merits.

**B.    Discussion**

   **i.    Jurisdiction and Exhaustion**

This Court has jurisdiction to review the lawfulness of Petitioner's detention. *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings). This Court has jurisdiction because Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See id.*; *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

When a habeas petitioner "fail[s] to seek timely administrative relief," that failure to exhaust administrative remedies can result in the dismal of the petition. *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004); *accord Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.").

Here, the Government's exhaustion argument lacks merit. Petitioner's constitutional claim challenges the lawfulness of his prolonged detention—now, about fourteen months—without a bond hearing. Petitioner does not disagree that his California robbery conviction is an aggravated felony mandating his detention. (ECF No. 9). The Government has not shown that Petitioner can raise his constitutional claim before the immigration courts. To the contrary, that is what habeas courts are for. As detailed below, numerous courts have reached the question Petitioner asks this Court to resolve. Because Petitioner was not required to previously challenge the constitutionality of the length of his current detention, Petitioner has not failed to exhaust administrative remedies.

### ii.    The Due Process Claim

"Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause

protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner's liberty has been restrained for about fourteen months, since January 28, 2025. Petitioner has raised before the BIA colorable claims as to whether he will be persecuted in Jamacia for his sexual orientation. If he loses before the BIA, he has the right to appeal to a court of appeals. His continued custody, then, can potentially continue for many more months or even years. That prolonged custody certainly raises significant due process concerns. *See id*. ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

Numerous courts have thus held that unreasonably prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates due process. *Black v. Dir. Thomas Decker*, 103 F.4th 133 (2d Cir. 2024); *Reid v. Donelan*, 17 F.4th 1 (1st Cir. 2021); *Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020); *Henriquez v. Garland*, No. 22-cv-00869-EJD, 2022 U.S. Dist. LEXIS 106045 (N.D. Cal. Jun. 7, 2022); *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022); *Juarez v. Wolf*, No. 20-1660 RJB, 2021 U.S. Dist. LEXIS 106645 (W.D. Wash. Jun. 7, 2021); and *Joao de Oliveira Viegas v. Green*, 370 F. Supp. 3d 443 (D.N.J. 2019);[1] *but see Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024) (ruling that "[d]ue process imposes no time limit on detention pending deportation"). This Court agrees with and adopts the Due Process analysis in *Black v. Dir. Thomas Decker*, 103 F.4th 133 (2d Cir. 2024), but the Court will below adopt a different burden-of-proof analysis.

Whether the Court considers the issue under the test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022), or *Banda v. Nielsen*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019), the result would be the

---

[1] These decisions further demonstrate that Petitioner had no additional administrative remedies to exhaust.

same.  Petitioner's detention is prolonged and can continue for many more months or years.  Petitioner has raised good faith claims against his removal, and his confinement is akin to imprisonment.  *See Mingzhi Gao v. Larose*, No. 25-cv-2084-RSH-SBC, 2025 U.S. Dist. LEXIS 190572 (S.D. Cal. Sep. 26, 2025) (explaining that "the conditions of confinement at Otay Mesa Detention Center are not dissimilar to criminal confinement").  Petitioner is entitled to procedural protections under the Due Process Clause.

To be sure, the Government has a great interest in protecting the public and ensuring that noncitizens do not flee during their administrative proceedings.  Those interests, however, are compatible with the due process concerns detailed above.  Requiring additional procedural protections during a detainee's prolonged detention should not harm the Government or the public.

To properly account for the interest on both sides, the Court will place the burden of proof on Petitioner to prove by clear and convincing evidence that conditions can be set to ensure the safety of the community and Petitioner's appearance at any further proceedings.  This approach is consistent with 18 U.S.C. § 3143(b) (allowing release of a convicted defendant pending appeal if there are findings "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact . . . .") and Federal Rule of Criminal Procedure 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").

The Court holds that this case is similar to the release of a sentenced defendant pending appeal.  Petitioner has been convicted of an aggravated felony.  8 U.S.C. § 1226(c) requires detention, Petitioner has been ordered removed, and he is appealing that order.  It is appropriate to place the burden on Petitioner as in proceedings under 18 U.S.C. § 3143(b) and Federal Rule of Criminal Procedure 46(c).

Last, on the present record, the Court declines to question the neutrality of IJs, but the Court will provide additional safeguards to address Petitioner's concerns.  The bond

hearing must be before a fair, neutral, and open-minded IJ. If the IJ denies bond, the judge must make specific findings as to why conditions of release or supervision will not be adequate to protect the public and ensure Petitioner's appearance at any further proceedings. If Respondents or the IJ fail to comply with this order and the writ, Petitioner can apply to this Court for relief. Respondents have shown the upmost respect for this Court's judgments and have timely followed them thereby enabling the mutual respect of the Court. There is no reason to believe that the mutual respect for coequal branches of the government will not continue here in the Southern District of California. The remedy of release without bond is denied without prejudice. The alternative remedy of a bond hearing in front of this Court is also denied without prejudice.

### C.    Conclusion

For the reasons stated, the petition for a writ of habeas corpus is granted in part and denied in part. Respondents are ordered to provide Petitioner an individualized bond hearing before a fair, neutral, and open-minded immigration judge no later than April 16, 2026, where Petitioner will have the burden to prove by clear and convincing evidence that conditions can be set to ensure the safety of the community and Petitioner's appearance at any further proceedings. The parties are ordered to provide a status report no later than April 17, 2026.

**IT IS SO ORDERED.**

Dated:  April 2, 2026

Honorable Barry Ted Moskowitz
United States District Judge